585 N.E.2d 726 (1992)
In re Visitation of Eric GROLEAU, a Minor Child.
Freda Abascal, Appellant-Petitioner,
v.
Sherry Kocon, f/n/a Sherry M. Groleau, Appellee-Respondent.
No. 64A03-9108-CV-243.
Court of Appeals of Indiana, Third District.
February 11, 1992.
*727 Judith A. Levy, Highland, for appellant-petitioner.
William Janes, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, for appellee.
STATON, Judge.
Freda Abascal appeals the dismissal of her petition for grandparent's visitation, raising two issues which we consolidate as one:
Did the trial court properly dismiss her petition for grandparent's visitation without addressing the merits of the petition?
We reverse.
Freda Abascal (hereinafter "Grandmother") is the natural paternal grandmother of Eric Groleau ("Eric"). Sherry Kocon ("Mother") is Eric's natural mother, who remarried after her divorce from Eric's natural father, Robert Groleau ("Father").
On April 18, 1990, Grandmother petitioned for visitation with Eric, which petition the court preliminarily granted, pending a further hearing with Mother present. Mother petitioned to set aside the order on May 14, 1990. Her petition was never ruled upon. On September 19, 1990, Mother and Father entered into a stipulated judgment terminating Father's parental rights. On February 6, 1991, Mother filed a motion to dismiss alleging that since Father's parental rights had been terminated, Grandmother's derivative rights also had been terminated. On March 21, Eric was adopted by Mother's second husband. On April 10, 1991, Mother filed another motion to dismiss. The trial court granted Mother's motion to dismiss, and Grandmother appeals.
Grandparental visitation rights are conferred by statute in Indiana pursuant to the Grandparents' Visitation Act. Ind. Code 31-1-11.7-1 et seq. Grandmother argues that in dismissing her petition for visitation, the trial court improperly divested her of rights to which she was statutorily entitled. Mother responds that Grandmother is not a "grandparent" within the *728 meaning of the Act because Father's parental rights were terminated.
Indiana Code 31-1-11.7-1 provides:
When used in this chapter the term "maternal or paternal grandparent" shall include:
(1) the adoptive parent of the child's parent;
(2) the parent of the child's adoptive parent; and
(3) the parent of the child's parent.
There is no dispute that at the time Grandmother filed her petition, she was a "grandparent" within the meaning of the act, as she was the parent of Eric's father. It is equally clear that the adoption did not terminate her visitation rights:
(c) A child's paternal grandparent may seek visitation rights if:
* * * * * *
(2) the marriage of the child's parents has been dissolved in Indiana... .
* * * * * *
(e) Visitation rights provided for in subsection (b), (c), or (d) survive the adoption of the child by any of the following:
(1) A stepparent.
IC 31-1-11.7-2. Mother argues, however, that Grandmother's rights were extinguished prior to the adoption by Father's voluntary termination of his parental rights. We disagree.
Adoption may be granted if a written consent to adoption is obtained from the parents or custodians of the child. IC 31-3-1-6(a). However, consent is not required if, inter alia, a parent or the parents have abandoned the child or if the parental rights have been terminated. IC 31-3-1-6(g). Thus, a finding of abandonment or a parental termination proceeding is often a precursor to an adoption. Such was the case here. Mother and Father entered into an agreed judgment stipulating that "the evidence will show that the [Father] has abandoned his one (1) minor child, namely, Eric P. Groleau, born October 26, 1983, for more than one (1) year continuously, and that his parental rights should be terminated." Record, p. 12.
The legislature has stated its clear intention that grandparents' visitation rights survive adoption of the child by a stepparent. Mother would have us hold that where adoption proceedings included a termination of parental rights or a finding of abandonment, grandparental visitation rights do not survive. We find no evidence of such a selective intention in the statute. In construing a statute, we will presume the legislature intended the language of the statute to be applied in a logical manner, consistent with its underlying goals and policy. Collins v. Thakkar (1990), Ind. App., 552 N.E.2d 507, 510, transfer denied. Accordingly, we hold that Grandmother's visitation rights were not extinguished by Father's agreement to terminate his parental rights.
Mother's next contention centers on a footnote contained in Bailey v. Menzie (1989), Ind. App., 542 N.E.2d 1015:
We leave unanswered at this time the question not raised by Bailey as to whether or not a former grandparent's right to petition for visitation under the Act is preserved where the grandparent had not acted to perfect such right either prior to a stepparent's adoption petition or as an intervenor in that proceeding. That determination must be based on a properly presented query regarding the relationship between IC 31-1-11.7-1 and IC 31-1-11.7-2(d) [now (e)].
Bailey, supra, at 1018, n. 2. Mother argues that since she did not accept service of Grandmother's petition, the trial court did not have personal jurisdiction over her, and therefore the order granting Grandmother visitation was void. She concludes that technically Grandmother has not "acted to perfect" her rights and is therefore divested of them.
Mother's argument is without merit for a number of reasons. Section 5 of the Act provides that service of a petition under the Act is effected in the same manner as service of summons in civil actions generally. The record reveals that Grandmother sent a copy of the petition and a summons to Mother via certified mail to Mother's *729 place of business. Mother, a postal worker, was aware of the letter, but thought it was a "letter of harassment" from her former mother-in-law and refused to accept service. The letter was returned unclaimed. Mother challenged the order granting visitation by a petition to set it aside, which was never ruled upon and consequently never appealed. Subsequently, she filed two motions to dismiss on the merits. By availing herself of the authority of the court in a challenge on the merits, Mother waived any subsequent challenge to the court's personal jurisdiction over her. State ex rel. Johnson v. Reeves (1955), 234 Ind. 225, 125 N.E.2d 794, 796. Moreover, once a court grants a dissolution, it retains continuing jurisdiction over the parties for purposes of child custody and support. Weber v. Harper (1985), Ind. App., 481 N.E.2d 426, 428, transfer denied. Thus, the court had personal jurisdiction over Mother; any defect related to notice of the hearing, which can be cured on remand by giving Mother notice and an opportunity to be heard on the merits of Grandmother's visitation petition. Finally, by filing her petition, Grandmother "acted to perfect" her visitation rights during the time in which she was a "grandparent" within the meaning of the Act, regardless of any procedural difficulty. She has preserved her right to visitation and we need not address the question raised in Bailey.
Mother finally argues that since the visitation granted to Grandmother was temporary, encompassing only one weekend, the adoption, which occurred after that weekend, extinguished her rights. The trial court's visitation order, however, continued the petition to provide for further consideration of the merits of the petition when Mother could be present. Moreover, the trial court has jurisdiction to modify its order whenever modification would serve the best interests of the grandchild. IC 31-1-11.7-8. As noted above, the Act clearly states that a grandparent's visitation rights survive the adoption of the grandchild by a stepparent. Mother's argument is without merit.
We conclude that the trial court erred in dismissing Grandmother's petition without a full hearing on the merits attended by both parties. We reverse and remand for a hearing upon the petition.
Reversed.
HOFFMAN and ROBERTSON, JJ., concur.