(No. 85050.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CARLOS ESPINOZA, Appellee.

*Opinion filed October 22, 1998.—Modified on denial of rehearing November 30, 1998.*

James E. Ryan, Attorney General, of Springfield, and David R. Akemann, State's Attorney, of St. Charles (Norbert J. Goetten, John X. Breslin and Terry A. Mertel, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Kathleen Colton, of Batavia, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

The defendant, Carlos Espinoza, was charged with, *inter alia*, two counts of armed violence and one count of aggravated battery. Prior to trial, the circuit court dismissed the aggravated battery and armed violence counts, holding that the penalties for the charged offenses violate the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 11). The State appealed to the appellate court. 145 Ill. 2d R. 604(a)(1). On its own motion, the appellate court transferred the cause to this court, pursuant to Supreme Court Rule 365 (155 Ill. 2d R. 365). For the reasons which follow, we reverse the judgment of the circuit court.

Background

On October 28, 1996, a five-count indictment was filed in the circuit court of Kane County charging defen-

dant with one count of attempted first degree murder, two counts of armed violence, one count of mob action, and one count of aggravated battery. All five counts of the indictment stem from the same incident in which defendant allegedly struck an individual with a bottle while in a public bar.

Count II of the indictment, which charged defendant with armed violence, alleges that defendant committed aggravated battery (public way) (720 ILCS 5/12—4(b)(8) (West 1994)) while armed with a category II dangerous weapon, a bottle. See 720 ILCS 5/33A—1 (West 1994). Specifically, count II alleges that

> "defendant, while armed with a dangerous weapon, a bottle, a Category II weapon, performed acts prohibited by Illinois Compiled Statutes, Chapter 720, Act 5, Section 12—4(b)(8), Aggravated Battery (Public Way), in that in committing a battery, in violation of Illinois Compiled Statutes, Chapter 720, Act 5, Section 12—3(a)(1), without legal justification and while Carlos Espinoza was at Foxhole Pub, a public place, knowingly caused bodily harm to [the victim], in that he struck [the victim] with a bottle."

Count III of the indictment, which also charged defendant with armed violence, repeats the language of count II verbatim, except that the bottle is characterized as a category III weapon, rather than as a category II weapon. See 720 ILCS 5/33A—1 (West 1994). Count V of the indictment, which charged defendant with aggravated battery (720 ILCS 5/12—4(b) (West 1994)), alleges that defendant, while "at Foxhole Pub, a public place, caused bodily harm to [the victim], in that he struck [the victim] with a bottle."

On February 13, 1997, defendant filed a motion to dismiss counts II and III of the indictment. In his motion, defendant contended that the armed violence and aggravated battery counts of the indictment "represent substantially identical offenses, alleging that the Defen-

dant struck [the victim] with a bottle, thereby causing him bodily harm." Defendant also noted that armed violence, whether committed with a category II or a category III weapon, is punished more severely than aggravated battery. See 720 ILCS 5/33A—3 (West 1994); 720 ILCS 5/12—4(e) (West 1994). Defendant argued that because the armed violence and aggravated battery offenses charged in the indictment are identical, yet have different punishments, the offenses "carry disproportional penalties, and are thus violative of the proportionate penalties clause" of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

Following a hearing, the circuit court ordered the dismissal of the aggravated battery and armed violence counts of the indictment. The circuit court concluded that "the issues in this case fall squarely within the decision[s]" of *People v. Christy*, 139 Ill. 2d 172 (1990), and *People v. Lewis*, 175 Ill. 2d 412 (1996), and, therefore, that the penalties for the offenses charged in counts II, III and V are unconstitutionally disproportionate. The State appealed the circuit court's order to the appellate court. 145 Ill. 2d R. 604(a)(1).

On March 5, 1998, the appellate court entered an order, on its own motion, transferring the cause to this court pursuant to Supreme Court Rules 365 and 603 (155 Ill. 2d R. 365; 134 Ill. 2d R. 603). Citing to *Lewis*, 175 Ill. 2d at 414, *People v. Davis*, 177 Ill. 2d 495, 497-98 (1997), and *People v. Miller*, 171 Ill. 2d 330, 331 (1996), the appellate court observed that "[w]here, as here, the trial court rules that statutory penalties violate the proportionate penalties provision, the appeal is taken directly to the Supreme Court under Rule 603."

## Analysis

Defendant argues that the holdings in *Christy* and *Lewis* support the circuit court's decision to dismiss the aggravated and armed violence counts of the indictment.

Accordingly, we begin our analysis with a brief discussion of those decisions.

In *Christy*, this court considered a challenge to an armed violence conviction brought under the proportionate penalties clause of the Illinois Constitution. That clause provides:

> "All penalties shall be determined *** according to the seriousness of the offense ***." Ill. Const. 1970, art. I, § 11.

The defendant in *Christy* was convicted of armed violence predicated on kidnapping while armed with a category I weapon, specifically, a knife with a blade at least three inches in length. See Ill. Rev. Stat. 1987, ch. 38, par. 33A—1(a). On appeal, the defendant argued that the penalties for armed violence based on kidnapping with a category I weapon and aggravated kidnapping (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)(5)) were disproportionate because each offense consisted of the same elements, yet armed violence was punished more severely than aggravated kidnapping. *Christy*, 139 Ill. 2d at 176-78. This court agreed, stating:

> "Upon review of the relevant statutory provisions it is apparent that the commission of kidnapping while armed with a 'knife with a blade of at least 3 inches in length' constitutes *both* aggravated kidnapping and armed violence. Since the elements which constitute aggravated kidnapping and armed violence are identical, common sense and sound logic would seemingly dictate that their penalties be identical." (Emphasis in original.) *Christy*, 139 Ill. 2d at 181.

Because the penalties for armed violence predicated on kidnapping with a category I weapon and aggravated kidnapping were not identical, the *Christy* court held that the penalties were unconstitutionally disproportionate. *Christy*, 139 Ill. 2d at 181. The court therefore vacated the defendant's conviction and sentence for armed violence and remanded the cause for sentencing on the offense of aggravated kidnapping.

In *Lewis*, the defendant was charged with robbery (720 ILCS 5/18—1 (West 1994)), armed robbery (720 ILCS 5/18—2 (West 1994)), and armed violence predicated on robbery committed with a category I weapon (720 ILCS 5/33A—1 (West 1994)). As in the instant case, the defendant moved to dismiss the armed violence charge on the grounds that the penalty for that offense violated the proportionate penalties clause. The circuit court granted the motion. On appeal, this court reviewed the pertinent statutes and determined that armed robbery and armed violence predicated on robbery committed with a category I weapon had identical statutory elements, but were punished with disparate penalties. *Lewis*, 175 Ill. 2d at 418. Reaffirming the holding of *Christy*, we concluded that the penalties for armed violence predicated on robbery committed with a category I weapon and armed robbery were unconstitutionally disproportionate. We therefore affirmed the dismissal of the armed violence charge. *Lewis*, 175 Ill. 2d at 423-24. *Christy* and *Lewis* thus establish that "the proportionate penalties clause is violated where two offenses have identical elements, but are subject to different sentencing ranges." *Davis*, 177 Ill. 2d at 503.

Count II of the indictment at issue in the case at bar charged defendant with armed violence committed with a category II dangerous weapon. Armed violence is defined as the commission of any felony defined by Illinois law while armed with a dangerous weapon. 720 ILCS 5/33A—2 (West 1994). Dangerous weapons are divided by statute into three categories. 720 ILCS 5/33A—1 (West 1994). A category II weapon is any "knife with a blade of at least 3 inches in length, dagger, dirk, switchblade knife, stiletto, axe, hatchet, or other deadly or dangerous weapon or instrument of like character." 720 ILCS 5/33A—1(b) (West 1994).

The predicate felony for the armed violence offense

alleged in count II is aggravated battery (public way). 720 ILCS 5/12—4(b)(8) (West 1994). Aggravated battery (public way) is defined as the commission of battery where the perpetrator "[i]s, or the person battered is, on or about a public way, public property or public place of accommodation or amusement." 720 ILCS 5/12—4(b)(8) (West 1994). Accordingly, the principal statutory elements of armed violence as charged in count II of the indictment are: (1) a battery (2) committed "on or about a public way, public property or public place of accommodation or amusement" (3) while armed with a category II weapon.

Count III of the indictment charged defendant with armed violence predicated on aggravated battery (public way) committed with a category III dangerous weapon. A category III weapon "is a bludgeon, black-jack, slingshot, sand-bag, sand-club, metal knuckles, billy, or other dangerous weapon of like character." 720 ILCS 5/33A—1(c) (West 1994). Defendant does not dispute that, depending upon how the trier of fact determines that it was used in the offense, a bottle may be classified as either a category II or a category III weapon and, therefore, that the State may include both categories of weapons in the armed violence counts. Accordingly, the principal statutory elements of armed violence as charged in count III of the indictment are: (1) a battery (2) committed "on or about a public way, public property or public place of accommodation or amusement" (3) while armed with a category III weapon.

Count V of the indictment charges defendant with violating subsection (b) of the aggravated battery statute (720 ILCS 5/12—4(b) (West 1994)). Aggravated battery, under subsection (b), is defined as the commission of a battery while accompanied by one of several enumerated aggravating circumstances. For example, an individual commits aggravated battery under subsection (b) if, while

committing a battery, he or she "uses a deadly weapon other than by the discharge of a firearm" (720 ILCS 5/12—4(b)(1) (West 1994)), or "[i]s hooded, robed or masked, in such manner as to conceal his identity" (720 ILCS 5/12—4(b)(2) (West 1994)), or "[i]s, or the person battered is, on or about a public way, public property or public place of accommodation or amusement" (720 ILCS 5/12—4(b)(8) (West 1994)). Significantly, there is no offense defined by subsection (b) of the aggravated battery statute which consists of a battery accompanied by two aggravating circumstances. Accordingly, aggravated battery under subsection (b) consists of two principal statutory elements: (1) a battery (2) coupled with a statutory aggravating circumstance.

We have noted that armed violence predicated on the commission of aggravated battery (public way) consists of three principal statutory elements. In contrast, aggravated battery, under subsection (b), consists of only two. Thus, the armed violence offenses charged in counts II and III are not identical to the aggravated battery offense charged in count V. Therefore, contrary to defendant's assertions, the holdings of *Christy* and *Lewis* do not necessitate the dismissal of counts II, III and V of the indictment.

Despite the foregoing, defendant argues that *Christy* and *Lewis* are relevant to the case at bar because the conduct alleged in each count of the indictment is identical, *i.e.*, that defendant, while "at Foxhole Pub, a public place, caused bodily harm to [the victim], in that he struck [the victim] with a bottle." The holdings of *Christy* and *Lewis*, however, are focused on the elements of the charged offenses as defined by statute, not on the conduct of the defendant as described in the charging instrument. *Christy*, 139 Ill. 2d at 177, 181; *Lewis*, 175 Ill. 2d at 418.

## Conclusion

For the foregoing reasons, the judgment of the circuit

court dismissing counts II, III and V of the indictment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*