NO. 4-04-0995          Filed: 5/22/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| CHAD D. DUNN, | ) | No. 03CF1564 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE TURNER delivered the opinion of the court:

In September 2003, a grand jury charged defendant, Chad D. Dunn, with five counts of predatory criminal sexual assault (720 ILCS 5/12-14.1(a)(1) (West 2002)) for his actions between January 2002 and June 2003 with two minors. In July 2004, defendant pleaded guilty to one count of predatory criminal sexual assault of a child that related to the minor born in June 1995. In September 2003, the trial court sentenced defendant to 30 years' imprisonment. Defendant filed a motion to reconsider his sentence, which the court denied after a November 2004 hearing.

Defendant appeals, asserting he is entitled to a new sentencing hearing because the punishment applicable to predatory criminal sexual assault of a child violates the proportionate-penalties clause. We affirm.

A statute's constitutionality presents purely a matter of law, and accordingly we review the trial court's conclusion de novo. People v. Sharpe, 216 Ill. 2d 481, 486-87, 839 N.E.2d 492, 497 (2005). A statute carries a strong presumption of

constitutionality, and thus the party challenging the statute must clearly establish it violates the constitution. Moreover, we generally give deference to the legislature on sentencing matters because "the legislature is institutionally better equipped to gauge the seriousness of various offenses and to fashion sentences accordingly." Sharpe, 216 Ill. 2d at 487, 839 N.E.2d at 497.

A proportionate-penalties challenge contends the penalty at issue was not determined according to the seriousness of the offense. Sharpe, 216 Ill. 2d at 487, 839 N.E.2d at 498. Prior to our supreme court's decision in Sharpe, Illinois courts had recognized three distinct ways a penalty could violate the proportionate-penalties clause. See People v. Moss, 206 Ill. 2d 503, 522, 795 N.E.2d 208, 220 (2003). The first manner was if the penalty was "cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community." Moss, 206 Ill. 2d at 522, 795 N.E.2d at 220. The second was, when comparing similar offenses, "conduct that create[d] a less serious threat to the public health and safety [was] punished more severely." Moss, 206 Ill. 2d at 522, 795 N.E.2d at 220. The final way was where offenses with identical elements were given different sentences. Moss, 206 Ill. 2d at 522, 795 N.E.2d at 220. In Sharpe, the supreme court abandoned the second manner, which was known as the cross-comparison test, but noted defendants could still raise proportionate-penalties challenges under the other two methods. Sharpe, 216 Ill. 2d at 519, 521, 839 N.E.2d at 516-17.

Defendant asserts his proportionate-penalties challenge under the final method, referred to as the "identical elements" test, which was established in People v. Christy, 139 Ill. 2d 172, 564 N.E.2d 770 (1990). The Christy court concluded "common

sense and sound logic" dictate identical penalties for offenses with the exact same elements. Christy, 139 Ill. 2d at 181, 564 N.E.2d at 774. Thus, under the identical elements test, if offenses with identical elements do not have identical penalties, the penalties are unconstitutionally disproportionate and the greater penalty cannot stand. See Christy, 139 Ill. 2d at 181, 564 N.E.2d at 774.

Here, defendant contends the penalty for predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)) is harsher than the penalties for offenses with identical elements, namely, predatory criminal sexual assault of a child while armed with a firearm (720 ILCS 5/12-14.1(a)(1.1) (West 2002)) and predatory criminal sexual assault of a child involving the discharge of a firearm (720 ILCS 5/12-14.1(a)(1.2) (West 2002)). Thus, we begin by first determining whether identical elements exist.

Under section 12-14.1(a)(1) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-14.1(a)(1) (West 2002)), a person commits predatory criminal sexual assault of a child when (1) the person is 17 years of age or over, (2) the person commits an act of sexual penetration, and (3) the victim is under 13 years of age when the act was committed. Pursuant to section 12-14.1(a)(1.1) of the Criminal Code (720 ILCS 5/12-14.1(a)(1.1) (West 2002)), predatory criminal sexual assault of a child while armed with a firearm occurs when (1) a person is 17 years of age or over, (2) the person is armed with a firearm, (3) the person commits an act of sexual penetration, and (4) the victim is under 13 years of age when the act was committed. Under section 12-14.1(a)(1.2) of the Criminal Code (720 ILCS 5/12-14.1(a)(1.2) (West 2002)), a person commits predatory criminal sexual assault of a child involving the discharge of a firearm

when (1) a person is 17 years of age or over; (2) the person commits an act of sexual penetration; (3) the victim is under 13 years of age when the act was committed; and (4) during the commission of the offense, the person discharged a firearm.

Predatory criminal sexual assault of a child while armed with a firearm and predatory criminal sexual assault of a child involving the discharge of a firearm clearly have an additional element than predatory criminal sexual assault of a child contained in section 12-14.1(a)(1) of the Criminal Code. However, defendant asserts predatory criminal sexual assault of a child is a lesser-included offense of both predatory criminal sexual assault of a child while armed with a firearm and predatory criminal sexual assault of a child involving the discharge of a firearm, and thus the predatory criminal sexual assault of a child has identical elements with both of the firearm provisions. We note defendant cites no authority in conjunction with that assertion.

In the general "identical elements" cases cited by defendant, the courts found the compared offenses had identical elements where the offenses had all of the same elements. None of the cases addressed a pair of offenses where the offenses had the same elements but one of the pair had an additional element, like the offenses in this case. For example, in Christy, our supreme court noted the commission of kidnaping while armed with a "'knife with a blade of at least 3 inches in length'" constituted both aggravated kidnaping and armed violence predicated on kidnaping with a category I weapon. Christy, 139 Ill. 2d at 181, 564 N.E.2d at 774, quoting Ill. Rev. Stat. 1987, ch. 38, par. 33A-1(b). In People v. Lewis, 175 Ill. 2d 412, 418, 677 N.E.2d 830, 833 (1996), the Supreme Court of Illinois concluded the commission of robbery with a handgun constituted both armed robbery and armed violence predicated on robbery

committed with a category I weapon. In <u>People v. Hampton</u>, 363 Ill. App. 3d 293, 309, 842 N.E.2d 1124, 1138 (2005), the First District found the commission of criminal sexual assault while armed with a firearm constitutes both aggravated criminal sexual assault and armed violence predicated on criminal sexual assault with a category I weapon. See also <u>People v. Beard</u>, 287 Ill. App. 3d 935, 938, 679 N.E.2d 456, 457-58 (1997) (aggravated vehicular hijacking/armed violence based on the vehicular hijacking and armed robbery/armed violence based on robbery); <u>People v. Baker</u>, 341 Ill. App. 3d 1083, 1089, 794 N.E.2d 353, 359 (2003) (aggravated kidnaping resulting from kidnaping while armed with a firearm/armed violence predicated on the offense of kidnaping while carrying a category I weapon).

This case is similar to <u>People v. Espinoza</u>, 184 Ill. 2d 252, 259, 702 N.E.2d 1275, 1278 (1998), where our supreme court concluded the armed-violence offenses at issue did not have identical elements with the aggravated-battery offense. There, the armed-violence offenses had the following elements: "(1) a battery (2) committed 'on or about a public way, public property[,] or public place of accommodation or amusement' (3) while armed with a category II weapon" or a category III weapon (depending on the count). <u>Espinoza</u>, 184 Ill. 2d at 258, 702 N.E.2d at 1277, quoting 720 ILCS 5/12-4(b)(8) (West 1994). The aggravated-battery charge consisted of "two principal statutory elements: (1) a battery (2) coupled with a statutory aggravating circumstance." <u>Espinoza</u>, 184 Ill. 2d at 259, 702 N.E.2d at 1278. In reaching its conclusion, the <u>Espinoza</u> court noted the armed-violence charges had one more element than the aggravated-battery charge. <u>Espinoza</u>, 184 Ill. 2d at 259, 702 N.E.2d at 1278.

Accordingly, we find the elements of predatory criminal sexual assault of a child, predatory criminal sexual assault of a child while armed with a firearm, and predatory criminal sexual assault of a child involving the discharge of a firearm do not have identical elements, and thus defendant has failed to prove the punishment for predatory criminal sexual assault of a child violates the proportionate-penalties clause.

While the penalty for predatory criminal sexual assault of a child does not violate the proportionate-penalties clause under the identical-elements test, the failure of section 5-5-3.2(c) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(c) (West 2002)) to also provide an extended term for convictions of predatory criminal sexual assault of a child under subsections (a)(1.1) and (a)(1.2) of section 12-14.1 of the Criminal Code (720 ILCS 5/12-14.1(a)(1.1), (a)(1.2) (West 2002)) does produce some sentencing inconsistencies that the legislature should consider addressing.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and KNECHT, JJ., concur.