NOS. 4-04-0835, 4-04-0854 cons.    Filed 4/18/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DAVID D. REVELL, | ) | Nos. 03CF654 |
| Defendant-Appellant. | ) | 03CF2156 |
| | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

In April and May 2004, defendant, David D. Revell, pleaded guilty to possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2002)) and predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)) in two separate cases. Following a consolidated sentencing hearing, the trial court sentenced defendant to 5 years' imprisonment for possession of child pornography to run consecutive to a 40-year prison term for predatory criminal sexual assault of a child. The court awarded defendant 463 days of sentence credit.

Defendant appealed, arguing (1) the penalty for subsection (a)(1) of the predatory-criminal-sexual-assault-of-a-child statute (720 ILCS 5/12-14.1(a)(1) (West 2002)) violates the proportionate-penalties and due-process clauses of the Illinois Constitution and (2) he is entitled to 15 additional days of

sentence credit.  We affirm as modified and remand with directions.

## I. BACKGROUND

This case involves consolidated appeals of Champaign County case Nos. 03-CF-654 and 03-CF-2156.  However, the sentence-credit issue also requires an examination of Champaign County case No. 03-CF-580, and defendant has provided the record of that case on appeal.

On April 2, 2003, defendant was arrested for aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1) (West 2002)) in Champaign County case No. 03-CF-580.  On April 3, 2003, he was released on his own recognizance.  The indictment alleged that from August 2, 2002, until April 3, 2003, defendant committed acts of sexual conduct with a seven-year-old female by rubbing her vaginal area through her clothes with his hands.

On April 11, 2003, defendant was arrested for child pornography in Champaign County case No. 03-CF-654.  The indictment alleged that on April 11, 2003, defendant knowingly possessed a photograph of a female child engaging in sexual penetration with an adult male and that defendant reasonably should have known the female was under the age of 18.

In November 2003, defendant pleaded guilty in case No. 03-CF-580.

On December 15, 2003, the State charged defendant by information with two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)) and four counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2002)) in case No. 03-CF-2156. On December 29, 2003, defendant moved to withdraw his guilty plea in case No. 03-CF-580 on the basis that new charges were filed against him that deprived him of any benefit he could receive from pleading guilty. On January 7, 2004, the trial court allowed defendant to withdraw his guilty plea.

In January 2004, the grand jury indicted defendant on two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)), four counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2002)), and two counts of child pornography (720 ILCS 5/11-20.1(a)(1)(ii) (West 2002)) in case No. 03-CF-2156. As is relevant to this appeal, count I, charging defendant with predatory criminal sexual assault, alleged that from June 2002 until March 31, 2003, defendant, a person 17 years of age or older, committed an act of sexual penetration on a person under 13 years of age by placing his sex organ in the victim's sex organ. The same victim was involved in case No. 03-CF-580 and case No. 03-CF-2156.

In April 2004, defendant entered an open plea to the possession-of-child-pornography charge in case No. 03-CF-654.

- 3 -

Before accepting the plea, the trial court informed defendant that the offense was a Class 3 felony punishable by not less than two nor more than five years' imprisonment. After admonishments, confirming the voluntariness of the plea, and hearing a factual basis, the court accepted defendant's plea.

In May 2004, defendant pleaded guilty to count I, predatory criminal sexual assault, in case No. 03-CF-2156. The State informed the trial court that in exchange for defendant's plea of guilty to count I, the State would dismiss the remaining counts and also dismiss case No. 03-CF-580. The State also agreed to limit its recommendation at the sentencing hearing to a term of 50 years' imprisonment in case No. 03-CF-2156.

Before accepting the plea, the trial court informed defendant that the offense was a Class X felony with a minimum sentence of 6 years and a maximum sentence of 60 years in prison. The court also reminded defendant that he had already pleaded guilty to possession of child pornography, a Class 3 felony, carrying a sentence of two to five years' imprisonment. The State informed the court of its belief that the child-pornography sentence would have to be served consecutively to the predatory-criminal-sexual-assault sentence. After giving defendant his admonishments, confirming the voluntariness of the plea, and hearing a factual basis, the court accepted the plea.

The trial court consolidated case Nos. 03-CF-654 and

- 4 -

03-CF-2156 for sentencing and postsentencing. At the July 2004 sentencing hearing, the court sentenced defendant to 5 years' imprisonment for possession of child pornography to run consecutively to a 40-year prison term for predatory criminal sexual assault. The court awarded defendant 463 days of sentence credit for the period of April 11, 2003, through July 29, 2004. The court applied all of defendant's sentence credit to the predatory-criminal-sexual-assault conviction and none to the possession-of-child-pornography conviction. In September 2004, defendant filed, and the trial court denied, motions to withdraw the guilty pleas and motions to reconsider the sentences.

This appeal followed.

## II. ANALYSIS

### A. Extended-Term Sentencing

Defendant argues the penalty for a violation of section 12-14.1(a)(1) of the Criminal Code of 1961 (Criminal Code) violates the proportionate-penalties and due-process clauses of the Illinois Constitution. Specifically, defendant claims that the offense for which he was convicted, predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)), carries a harsher penalty than the more serious crimes of predatory criminal sexual assault of a child while armed with a firearm (720 ILCS 5/12-14.1(a)(1.1) (West 2002)) and predatory criminal sexual assault of a child involving the discharge of a

- 5 -

firearm (720 ILCS 5/12-14.1(a)(1.2) (West 2002)).

Defendant acknowledges that this court, in People v. Dunn, 365 Ill. App. 3d 292, 296-97, 849 N.E.2d 148, 151 (2006), rejected the same proportionate-penalties argument but asks this court to overrule Dunn. Defendant alternatively asks this court to find that the statute violates the due-process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2), an issue neither raised nor addressed in Dunn.

In Dunn, this court rejected the same proportionate-penalties argument defendant raises in this case. Dunn, 365 Ill. App. 3d at 296-97, 849 N.E.2d at 151. Specifically, we held that the penalty for predatory criminal sexual assault of a child did not violate the proportionate-penalties clause under the identical-elements test. Dunn, 365 Ill. App. 3d at 296-97, 849 N.E.2d at 151. We decline to overrule Dunn. However, the defendant in Dunn did not challenge the penalty for predatory criminal sexual assault of a child on the basis of due process, a claim defendant raises here.

For the reasons that follow, we conclude that no disproportionate penalty exists at all. The crux of defendant's argument is that the extended-term sentencing provisions apply only to section 12-14.1(a)(1) of the Criminal Code and not to sections 12-14.1(a)(1.1) and (a)(1.2). We find the extended-term sentencing provisions also apply to sections 12-14.1(a)(1.1) and

- 6 -

(a)(1.2).

## 1. Statutory Background

An examination of the relevant statutory provisions is required. As late as 1994, the statute for aggravated criminal sexual assault included two crimes: (1) our now predatory criminal sexual assault and (2) our now aggravated criminal sexual assault. See 720 ILCS 5/12-14(b) (West 1994). Former section 12-14(b)(1) of the Criminal Code provided a person commits aggravated criminal sexual assault when:

> "(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed." 720 ILCS 5/12-14(b)(1) (West 1994).

Aggravated criminal sexual assault was a Class X felony (720 ILCS 5/12-14(d) (West 1994)) with a sentencing range of 6 to 30 years' imprisonment. 730 ILCS 5/5-8-1(a)(3) (West 1994). However, section 5-5-3.2(c) of the Unified Code of Corrections (Unified Code) allowed a trial court to impose an extended-term sentence upon any offender convicted of aggravated criminal sexual assault when the victim was under 18 years of age at the time the offense was committed. 730 ILCS 5/5-5-3.2(c) (West 1994). The extended term for a Class X felony was, and remains, not less than 30 nor more than 60 years' imprisonment. 730 ILCS 5/5-8-2(a)(2) (West

1994); 730 ILCS 5/5-8-2(a)(2) (West 2004).

Effective December 13, 1995, the legislature divided the aggravated-criminal-sexual-assault statute. See Pub. Act 89-428, art. 2, §260, eff. December 13, 1995 (1995 Ill. Laws 4453, 4506) (amending 720 ILCS 5/12-14.1(a) (West 1994)); see also In re Donald A.G., 221 Ill. 2d 234, 247, 850 N.E.2d 172, 179 (2006). The language formerly contained in section 12-14(b)(1) was named "predatory criminal sexual assault of a child" and became section 12-14.1(a)(1) of the Criminal Code. See 720 ILCS 5/12-14.1(a)(1) (West 1996); Donald A.G., 221 Ill. 2d at 247, 850 N.E.2d at 179.

Effective July 15, 1999, the legislature also amended section 5-5-3.2(c) of the Unified Code to specifically reference the predatory-criminal-sexual-assault-of-a-child statute. Pub. Act 91-120, §5, eff. July 15, 1999 (1999 Ill. Laws 1995, 1995-96) (amending 730 ILCS 5/5-5-3.2(c) (West 1998)). Section 5-5-3.2(c) provided, and continues to provide, as follows:

> "The court may impose an extended[-]term sentence under [s]ection 5-8-2 upon any of-fender who was convicted of aggravated crimi-nal sexual assault or predatory criminal sexual assault of a child under subsection (a)(1) of [s]ection 12-14.1 of the Criminal Code of 1961 where the victim was under 18 years of age at the time of the commission of

the offense."  (Emphasis added.)  730 ILCS 5/5-5-3.2(c) (West 2000).

Effective January 1, 2000, the legislature added two additional subsections to the predatory-criminal-sexual-assault-of-a-child statute.  See Pub. Act 91-404, §5, eff. January 1, 2000 (amending 720 ILCS 5/12-14.1(a) (West 1998)).  Pursuant to the amendment, the statute provided, and continues to provide, as follows:

"(a)  The accused commits predatory criminal sexual assault of a child if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed; or

(1.1) the accused was 17 years of age or over and, while armed with a firearm, commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed; or

(1.2) the accused was 17 years of age or over and commits an act of sexual penetration with a victim

- 9 -

under 13 years of age when the act was committed and, during the commission of the offense, the accused personally discharged a firearm." 720 ILCS 5/12-14.1(a)(1), (a)(1.1), (a)(1.2) (West 2000).

The legislature articulated its intent in enacting these provisions in sections 33A-1(a) and (b) of the armed-violence section of the Criminal Code. See 720 ILCS 5/33A-1(a), (b) (West 2004); People v. Sharpe, 216 Ill. 2d 481, 531-32 n.5, 839 N.E.2d 492, 523 n.5 (2005) (noting that while the provisions articulating the legislature's intent are contained in the armed-violence statute, the findings were enacted as part of Public Act 91-404 and expressed the legislature's intent in enacting the firearm enhancements). Section 33A-1 provides as follows:

"(a) Legislative findings. The legislature finds and declares the following:

(1) The use of a dangerous weapon in the commission of a felony offense poses a much greater threat to the public health, safety, and general welfare, than when a weapon is not used in the commission of the offense.

- 10 -

(2) Further, the use of a firearm greatly facilitates the commission of a criminal offense because of the more lethal nature of a firearm and the greater perceived threat produced in those confronted by a person wielding a firearm.  Unlike other dangerous weapons such as knives and clubs, the use of a firearm in the commission of a criminal felony offense significantly escalates the threat and the potential for bodily harm, and the greater range of the firearm increases the potential for harm to more persons.  Not only are the victims and bystanders at greater risk when a firearm is used, but also the law enforcement officers whose duty it is to confront and apprehend the armed suspect.

(3) Current law does contain offenses involving the use or dis-

charge of a gun toward or against a person, such as aggravated battery with a firearm, aggravated discharge of a firearm, and reckless discharge of a firearm; however, the General Assembly has legislated greater penalties for the commission of a felony while in possession of a firearm because it deems such acts as more serious.

(b) Legislative intent.

(1) In order to deter the use of firearms in the commission of a felony offense, the General Assembly deems it appropriate for a greater penalty to be imposed when a firearm is used or discharged in the commission of an offense than the penalty imposed for using other types of weapons and for the penalty to increase on more serious offenses.

(2) With the additional elements of the discharge of a firearm

and great bodily harm inflicted by a firearm being added to armed violence and other serious felony offenses, it is the intent of the General Assembly to punish those elements more severely during commission of a felony offense than when those elements stand alone as the act of the offender."  720 ILCS 5/33A-1(a), (b) (West 2002).

When the legislature added subsections (a)(1.1) and (a)(1.2), the legislature also created penalties for the offenses.  Violations of subsections (a)(1), (a)(1.1), and (a)(1.2) all constitute Class X felonies.  720 ILCS 5/12-14.1(b) (West 2002).  However, a term of 15 and 20 years respectively shall be added to the term of imprisonment imposed by the court for violations of subsections (a)(1.1) and (a)(1.2).  720 ILCS 5/12-14.1(b) (West 2002).

### 2. Extended-Term Sentencing Applies to Subsections (a)(1), (a)(1.1), and (a)(1.2)

Defendant argues that despite predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)) constituting a lesser-included offense of predatory criminal sexual assault of a child while armed with a firearm (720 ILCS 5/12-14.1(a)(1.1) (West 2002)) and predatory criminal sexual assault

of a child involving the discharge of a firearm (720 ILCS 5/12-14.1(a)(1.2) (West 2002)), a violation of subsection (a)(1) carries a more severe penalty than a violation of subsection (a)(1.1) or (a)(1.2). Defendant contends that under the express terms of section 5-5-3.2(c), only section 12-14.1(a)(1) of the Criminal Code is subject to an extended-term sentencing range of 30 to 60 years. Because, according to defendant, sections 12-14.1(a)(1.1) and (a)(1.2) are not subject to an extended-term sentence, a person convicted of those crimes faces only an additional 15 or 20 years respectively added to the general Class X sentence range. That is, predatory criminal sexual assault of a child while armed with a firearm only carries a possible sentence of 21 to 45 years' imprisonment (the minimum 6 years plus 15 years and the maximum 30 years plus 15 years) and preda-tory criminal sexual assault of a child involving the discharge of a firearm only carries a possible sentence of 26 to 50 years (the minimum 6 years plus 20 years and the maximum 30 years plus 20 years).

Citing People v. Bradley, 79 Ill. 2d 410, 403 N.E.2d 1029 (1980), defendant argues that the disparity in sentencing between committing predatory criminal sexual assault of a child with and without a firearm violates the due-process clause of the Illinois Constitution. In Bradley, the supreme court found that section 402(b) of the Illinois Controlled Substances Act (Ill.

Rev. Stat. 1977, ch. 56 1/2, par. 1402(b)) violated the due-process clause of the Illinois Constitution because it provided a greater penalty for possession of the controlled substance than for delivery of the same controlled substance under section 401(e) (Ill. Rev. Stat. 1977, ch. 56 1/2, par. 1401(e)). Bradley, 79 Ill. 2d at 418, 403 N.E.2d at 1032. Such result was clearly contrary to the legislature's intent to punish trafficking more severely than possession. Bradley, 79 Ill. 2d at 418, 403 N.E.2d at 1032.

After examining defendant's due-process argument and the relevant statutory provisions, we conclude that no disproportionate penalty exists at all because section 5-5-3.2(c) of the Unified Code also applies to sections 12-14.1(a)(1.1) and (a)(1.2).

Issues of statutory construction and the constitutionality of statutes are questions of law reviewed de novo. Dunn, 365 Ill. App. 3d at 294, 849 N.E.2d at 149; Donald A.G., 221 Ill. 2d at 246, 850 N.E.2d at 179. As this court stated in Dunn:

> "A statute carries a strong presumption of
> constitutionality, and thus the party chal-
> lenging the statute must clearly establish it
> violates the constitution. Moreover, we
> generally give deference to the legislature
> on sentencing matters because 'the legisla-

ture is institutionally better equipped to gauge the seriousness of various offenses and to fashion sentences accordingly.'" Dunn, 365 Ill. App. 3d at 294, 849 N.E.2d at 149, quoting Sharpe, 216 Ill. 2d at 487, 839 N.E.2d at 497.

The primary consideration in construing a statute is to determine and give effect to the legislature's intent. People v. Skillom, 361 Ill. App. 3d 901, 906, 838 N.E.2d 117, 122 (2005). A court must consider the statute in its entirety. People v. Davis, 199 Ill. 2d 130, 135, 766 N.E.2d 641, 644 (2002). "The most reliable indicator of legislative intent is the language of the statute, which, if plain and unambiguous, must be read without exception, limitation, or other condition." Davis, 199 Ill. 2d at 135, 766 N.E.2d at 644.

However, courts should also consider "the 'reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained.'" People v. Parker, 123 Ill. 2d 204, 209, 526 N.E.2d 135, 137 (1988), quoting People v. Haywood, 118 Ill. 2d 263, 271, 515 N.E.2d 45, 49 (1987). Further, "if the intent and purpose of the legislature can be determined from a statute, 'words may be modified, altered, or even supplied so as to obviate any repugnancy or inconsistency with the legislative intention.'" Parker, 123 Ill. 2d at 210-11, 526 N.E.2d at 138,

- 16 -

quoting People v. Bratcher, 63 Ill. 2d 534, 543, 349 N.E.2d 31, 35 (1976).  Finally, "[w]hile penal statutes are to be strictly construed in favor of an accused, they must not be construed so rigidly as to defeat the intent of the legislature."  Parker, 123 Ill. 2d at 213, 526 N.E.2d at 139.  "[W]e are not bound by the literal language of a statute if that language produces absurd or unjust results not contemplated by the legislature."  Donald A.G., 221 Ill. 2d at 246, 850 N.E.2d at 179.

Given the legislature's stated intent, it is clear that the legislature's failure to amend section 5-5-3.2(c) to specifically include reference to sections 12-14.1(a)(1.1) and (a)(1.2) was merely an oversight.  Section 5-5-3.2(c) allows a trial court to impose an extended-term sentence upon a defendant convicted of "predatory criminal sexual assault of a child under subsection (a)(1) of [s]ection 12-14.1."  730 ILCS 5/5-5-3.2(c) (West 2002).  A person commits predatory criminal sexual assault of a child when a person 17 years old or older commits an act of sexual penetration on a victim under 13 years old.  720 ILCS 5/12-14.1(a)(1) (West 2002).  The only additional element involved in subsections (a)(1.1) and (a)(1.2) is the presence or discharge of a firearm, a factor the legislature specifically intended to punish more severely.  See 720 ILCS 5/33A-1(b)(2) (West 2004).  The legislature specifically stated it intended to impose a greater penalty for the commission of a felony while in the

- 17 -

possession of a firearm.  See 720 ILCS 5/33A-1(a)(2), (b)(1), (b)(2) (West 2002).

This case is analogous to Donald A.G.  In Donald A.G., the supreme court found that the statutory presumption of depravity in section 1(D)(i) of the Adoption Act (750 ILCS 50/1(D)(i) (West 2002)) applied to a parent convicted of predatory criminal sexual assault of a child, despite that offense not being enumerated therein.  Donald A.G., 221 Ill. 2d at 247-48, 850 N.E.2d at 179-80.  The supreme court noted that when the legislature enacted section 1(D)(i) of the Adoption Act, section 12-14.1(a)(1) of the Criminal Code did not exist.  Donald A.G., 221 Ill. 2d at 246, 850 N.E.2d at 179.  Moreover, the language contained in section 12-14.1(a)(1) was identical to the language of the crime specifically enumerated in section (1)(D)(i) of the Adoption Act, section 12-14(b)(1), aggravated criminal sexual assault.  Donald A.G., 221 Ill. 2d at 247, 850 N.E.2d at 179.  Consequently, the court concluded as follows:

"In sum, our review of the legislative
history leads us to conclude that the legis-
lature made an inadvertent drafting error in
stating that the presumption of depravity
applied to the offense of aggravated criminal
sexual assault.  The legislature intended for
the presumption to apply to the conduct which

- 18 -

now comprises the offense of predatory crimi-

nal sexual assault of a child." <u>Donald A.G.</u>,

221 Ill. 2d at 250, 850 N.E.2d at 180-81.

Similarly here, when the legislature amended section 5-5-3.2(c) to include section 12-14.1(a)(1) as a basis for imposing an extended term, sections 12-14.1(a)(1.1) and (a)(1.2) did not exist.  After the legislature created sections 12-14.1(a)(1.1) and (a)(1.2), the legislature inadvertently failed to amend section 5-5-3.2(c) to include specific reference to sections 12-14.1(a)(1.1) and (a)(1.2).  Given the legislature's stated intent to treat certain crimes involving the presence or discharge of firearms more harshly, and given the fact that sections 12-14.1(a)(1.1) and (a)(1.2) involve the same underlying offense as section (a)(1), the omission of a reference to sections 12-14.1(a)(1.1) and (a)(1.2) is simply a result of legislative oversight, and reference to said sections should be read into the statute.  See <u>People v. Chandler</u>, 129 Ill. 2d 233, 253, 543 N.E.2d 1290, 1298 (1989) (noting that the "judiciary possesses the authority to read language into a statute which has been omitted through legislative oversight"); <u>People v. Smith</u>, 307 Ill. App. 3d 414, 421, 718 N.E.2d 640, 644 (1999) (finding that the absence of the language "predatory criminal sexual assault of a child" from the sentencing provisions of the indecent-soliciation statute was simply legislative oversight and such

- 19 -

language should be read into the statute); Parker, 123 Ill. 2d at 210, 526 N.E.2d at 138 (finding that although the sexual-relations-within-families statute did not specifically identify "stepparents," stepparents were clearly within the group of persons covered by the statute). Finally, the penalty for a violation of section 12-14.1(a)(1) is not more severe than the penalty for a violation of sections 12-14.1(a)(1.1) and (a)(1.2), and defendant has not been denied due process.

## B. Sentence Credit

The trial court awarded defendant 463 days of sentence credit for time spent in custody from April 11, 2003, the date defendant was arrested in case No. 03-CF-654, until July 29, 2004, the date of sentencing. Defendant argues he is entitled to (1) an additional 13 days of sentence credit for the time period between April 11, 2003, and July 29, 2004, and (2) 2 days of sentence credit for time spent in custody on case No. 03-CF-580.

### 1. April 11, 2003, through July 29, 2004

Defendant first argues that counting the first and last day between April 11, 2003, and July 29, 2004, and taking into account that 2004 was a leap year, he is entitled to an additional 13 days of sentence credit for that time period. The State correctly concedes defendant is entitled to an additional 12 days for that time period but disputes defendant's entitlement to sentence credit for the day of sentencing, July 29, 2004.

- 20 -

Here, defendant was sentenced to imprisonment on July 29, 2004. At the conclusion of the sentencing hearing, the trial court remanded defendant to the custody of the sheriff for transportation to the Department of Corrections (DOC). In addition, the preprinted judgment forms in both cases contain the following provision: "That the [s]heriff take the [d]efendant into custody and deliver him to the [DOC] which shall confine said [d]efendant until expiration of his sentence or until he is otherwise released by operation of law." See 730 ILCS 5/5-8-7(c) (West 2004).

In People v. Foreman, 361 Ill. App. 3d 136, 157, 836 N.E.2d 750, 768 (2005), the First District stated that "while a defendant is entitled to credit for each day he or she spends in custody prior to being sentenced, a defendant will not be credited for the day of sentencing in which he is remanded to the Department of Corrections." See also People v. Stewart, 217 Ill. App. 3d 373, 377, 577 N.E.2d 175, 177 (1991) (Third District); People v. Leggans, 140 Ill. App. 3d 268, 270-71, 488 N.E.2d 614, 615 (1986) (Fifth District). The "purpose of the 'credit-against-sentence' provision contained in section 5-8-7(b) is to ensure that defendants do not ultimately remain incarcerated for periods in excess of their eventual sentences." People v. Latona, 184 Ill. 2d 260, 270, 703 N.E.2d 901, 906 (1998). By not crediting a defendant for the day of sentencing in which he is

- 21 -

remanded to prison, a defendant will not ultimately remain incarcerated for a period in excess of his sentence. Instead, his prison sentence will begin, and he will no longer be in custody "prior to sentencing."

The issue is less clear when a defendant's transfer to DOC does not occur immediately, since section 5-8-7(a) of the Unified Code (730 ILCS 5/5-8-7(a) (West 2004)) provides "[a] sentence of imprisonment shall commence on the date on which the offender is received by the Department or the institution at which the sentence is to be served." Although defendant recognizes the likelihood that a defendant will not be transported to DOC on the date of sentencing, he does not argue that he was in fact remanded to DOC's custody later than July 29, 2004. Instead, defendant simply argues that by following Foreman, this court increases the likelihood that a defendant will lose a day of sentence credit and the $5 fine credit for the day of sentencing.

However, a prisoner may remain in the county jail and still be in the custody of DOC. See, e.g., People v. King, 366 Ill. App. 3d 552, 557, 852 N.E.2d 559, 563 (2006) (because DOC essentially had authority over defendant, the county jail was the equivalent of a DOC institution; therefore, the intrastate-detainer statute was the applicable speedy-trial provision). However, without any indication that defendant was not received

by DOC on July 29, 2004, and without DOC's affidavit of its calculation of credit, this court is unable to address whether defendant received credit from DOC toward his term of imprisonment for any days served before he was received by DOC.

2. Credit for Days Served in Case No. 03-CF-580

Defendant also seeks the two additional days of sentence credit for the time he served in custody in case 03-CF-580. Defendant was arrested in case No. 03-CF-580 on April 2, 2003, and released on his own recognizance on April 3, 2003.

Section 5-8-7(c) of Unified Code provides as follows:

"An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to his arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence."  730 ILCS 5/5-8-7(c) (West 2004).

The State argues defendant is not entitled to the two days of credit relating to case No. 03-CF-580 because the aggravated-criminal-sexual-abuse charge in case No. 03-CF-580 was not based upon the same conduct as the predatory-criminal-sexual-assault charge in case No. 03-CF-2156, to which defendant pleaded guilty and on which he was sentenced.  In support of its argu-

- 23 -

ment, the State points to the Council Commentary to section 5-8-7(c) stating that subsection (c) "provides for the case, not covered under former law, where all confinement since arrest is credited against the sentence even if the original charge is dropped in favor of a new charge with results in conviction and imprisonment." 730 ILCS Ann. 5/5-8-7, Council Commentary--1973, at 622 (Smith-Hurd 1997). The State also notes, citing People v. Kane, 136 Ill. App. 3d 1030, 1036, 484 N.E.2d 296, 300 (1985), that the purpose of subsection (c) is to prevent the State from defeating a defendant's right to credit for jail time by dropping one charge in favor of another charge based on the same conduct.

When construing a statute, the primary consideration is to determine and give effect to the legislature's intent. Skillom, 361 Ill. App. 3d at 906, 838 N.E.2d at 122. A court must consider the statute in its entirety. Davis, 199 Ill. 2d at 135, 766 N.E.2d at 644. "The most reliable indicator of legislative intent is the language of the statute, which, if plain and unambiguous, must be read without exception, limitation, or other condition." Davis, 199 Ill. 2d at 135, 766 N.E.2d at 644.

Here, the plain language of the statute provides defendant is entitled to the two days spent in custody in case No. 03-CF-580. The facts underlying the aggravated-criminal-sexual-abuse charge in case No. 03-CF-580 occurred between August 2, 2002, and April 3, 2003. Although defendant pleaded guilty to

the charge, he successfully moved to withdraw his guilty plea after the State filed new charges against him. The predatory-criminal-sexual-abuse charge alleged conduct in case No. 03-CF-2156 occurring between June 2002 until March 31, 2003--all conduct prior to defendant's arrest in April 2003 in case No. 03-CF-580. Therefore, because defendant (1) was arrested in case No. 03-CF-580, (2) was prosecuted in case No. 03-CF-2156 which involved conduct that occurred prior to his arrest in case No. 03-CF-580, and (3) did not receive credit for the time spent in custody in No. 03-CF-580 against another sentence, defendant is entitled to an additional two days' credit. Although the State did not expressly drop the initial charge and recharge defendant with another crime, that was the end result. That is, the predatory-criminal-sexual-assault charge essentially replaced the aggravated-criminal-sexual-abuse charge. See, e.g., People v. Rowell, No. 4-04-0481, slip op. at 4 (December 15, 2006) (wherein the State conceded that where the misdemeanor charge was dis-missed and replaced with a felony charge, the defendant was entitled to sentencing credit for the two days he spent in custody for the misdemeanor charge). Therefore, defendant is entitled to two additional days' credit for time served.

### III. CONCLUSION

For the reasons stated, we affirm defendant's convic-tion and sentence and modify the sentence to reflect an addi-

tional 14 days of sentence credit and remand for issuance of an amended judgment of sentence.  As part of our judgment, we grant the State its statutory assessment of $50 against defendant as costs of this appeal.

Affirmed as modified; cause remanded with directions.

APPLETON and KNECHT, JJ., concur.