953 N.E.2d 1187 (2011)
In re the MARRIAGE OF J.D.S., Petitioner, and
A.L.S., Respondent,
M.S., Appellant-Intervenor
v.
A.L.S., Appellee-Respondent.
No. 63A01-1102-DR-64.
Court of Appeals of Indiana.
September 1, 2011.
*1188 Yvette M. LaPlante, Keating & LaPlante, LLP, Evansville, IN, for Attorney for Appellee.
Beth Ann Folz, McFadin Higgins & Folz, Mt. Vernon, IN, Attorney for Appellant.

OPINION
ROBB, Chief Judge.

Case Summary and Issue
M.S. ("Grandmother") appeals the trial court's order dismissing her Petition to Modify Grandparental Visitation. Concluding the trial court properly dismissed her petition, we affirm.

Facts and Procedural History
Grandmother's son, J.S. ("Father"), and his now-ex-wife, A.S. ("Mother"), had two children while married. In March 2002, J.S. filed a petition for dissolution of marriage. In April 2003, Grandmother intervened in the dissolution action to request grandparent visitation with the two minor children. In May 2003, the trial court approved an agreed order granting Grandmother visitation with the children for four hours twice a month. The marriage between J.S. and A.S. was formally dissolved shortly thereafter.
In December 2007, Grandmother filed a petition to modify the agreed order on visitation. Following a hearing, the trial court entered an order modifying the visitation to one weekend per month, with the following restriction:
[Grandmother] is to assure [sic] that under no circumstances shall the children have contact with the Father during her visitation time, including but not limited to personal contact and telephone contact. In the event [Grandmother] violates this provision, she is specifically advised that her visitation could be terminated upon the petition of the Mother.
Appendix to Appellant's Brief at 36.[1]
On May 30, 2008, Mother filed an information for contempt against Grandmother, alleging that during Grandmother's visitation with the children the weekend of May 17-18, Father was present because he was serving home detention at Grandmother's home. On June 3, 2008, Mother filed a petition to modify grandparent visitation, requesting that Grandmother's visitation *1189 rights be terminated due to her failure to abide by the terms of the previous order. Following a hearing on the pending motions, the trial court on March 17, 2009, entered the following order: "[Mother's] Petition to Modify is granted. [Grandmother's] grandparent's visitation rights should be, and are hereby TERMINATED. The Court finds said modification is in the best interest of the minor children." Id. at 40. Grandmother's motion to correct error and motion to reconsider were denied, and no appeal was taken from the order.
In February 2010, Father's parental rights to the minor children were terminated and Mother's new husband contemporaneously adopted the children. On May 20, 2010, Grandmother filed a "Petition to Modify Grandparental Visitation," alleging that she had previously been granted visitation rights with the children, that the visitation rights were subsequently stopped, and that she believed a substantial change in circumstances had occurred which warranted that "her grandparental visitation rights should be commenced again." Id. at 78. Mother filed a motion to dismiss Grandmother's petition and a brief in support, arguing that Grandmother's visitation rights did not survive the children's adoption by their step-father and failed to state a claim. Following a hearing, the trial court entered an order granting Mother's motion to dismiss and denying Grandmother's petition to modify. Grandmother now appeals.

Discussion and Decision

I. Standard of Review
In order to seek visitation rights with grandchildren, grandparents must have standing to seek those rights under the Grandparent Visitation Statute, Indiana Code chapter 31-17-5. In re Visitation of J.D.G., 756 N.E.2d 509, 511 (Ind.Ct.App. 2001). If the statute does not provide standing for a particular class of grandparents to seek visitation rights, a petition seeking those rights must be denied as a matter of law. Id.

II. Grandparent Visitation
At common law, a grandparent had no right to seek visitation with a grandchild. In re Visitation of J.P.H., 709 N.E.2d 44, 46 (Ind.Ct.App.1999). The policy behind enacting Indiana Code chapter 31-17-5 was "to promote intergenerational contact and strengthen the bonds of the extended family" when a nuclear family does not exist. Id. Because the statute created rights which did not exist at common law, the statute must be strictly construed. Id. at 47.
The grandparent of a child whose parent is deceased, whose parents' marriage has been dissolved, or, subject to certain requirements, who was born out of wedlock, may seek visitation rights pursuant to the statute. Ind.Code § 31-17-5-1. Upon petition by a grandparent, the trial court "may grant visitation rights if the court determines that visitation rights are in the best interests of the child." Ind.Code § 31-17-5-2(a). An order granting or denying visitation rights may be modified "whenever modification would serve the best interests of the child." Ind.Code § 31-17-5-7. Visitation rights survive the adoption of the child by a stepparent. Ind. Code § 31-17-5-9.
Grandmother argues the trial court erred in granting Mother's motion to dismiss because she had "vested" visitation rights with the children prior to the termination of Father's parental rights and the children's adoption by their step-father, and therefore she has standing to seek modification of the most recent visitation order. Brief of Appellant at 4. "[W]e have long recognized that our Legislature intended *1190 to extend special protection to existing grandparent/grandchild ties in providing for post-adoptive visitation." Baker v. Lee, 901 N.E.2d 1107, 1109 (Ind.Ct.App. 2009) (citing Bailey v. Menzie, 542 N.E.2d 1015, 1017-18 (Ind.Ct.App.1989)).
Grandmother contends she is "similarly situated" to the grandparent in the case of In re Groleau, 585 N.E.2d 726 (Ind.Ct. App.1992). There, the paternal grandmother filed a petition for grandparent visitation after the child's parents were divorced. The petition was preliminarily granted and visitation began pending a full hearing. The child's father later voluntarily terminated his parental rights and mother's new husband adopted the child. We held that when the grandmother filed her petition, she had standing pursuant to the statute as the parent of the child's parent and was entitled to seek visitation because the child's parents' marriage had been dissolved. Id. at 729. Because grandmother's visitation rights already existed, they were not extinguished by the termination of father's parental rights and survived the adoption of the child by his step-father. Id. at 728; see also Baker, 901 N.E.2d at 1110 (allowing visitation with maternal grandfather which predated the adoption to continue following adoption of children by paternal grandmother and her husband).
Grandmother also distinguishes her situation from that of the grandparent in the case of In re G.R., 863 N.E.2d 323 (Ind.Ct. App.2007). In that case, the maternal grandmother filed a petition for grandparent visitation after the child's mother's parental rights were terminated. We held that although the grandmother may have had standing prior to the termination to seek visitation rights, "[f]ollowing the termination hearing ... [m]other was no longer [child's] `parent,' and therefore [g]randmother lost her status as the parent of [child's] parent" and had no standing. Id. at 326. Here, Grandmother contends she had a "vested right" stemming from her original petition which the grandmother in G.R. lacked. Br. of Appellant at 8.
Like the grandparent in Groleau, Grandmother did establish visitation rights with the children at a time when she had standing to do so. However, akin to the grandmother in G.R., she no longer had those rights at the time Father's parental rights were terminated, and there were no rights to survive the children's adoption by their step-father. In this regard, we believe the exact wording of the trial court's March 17, 2009, order is critical; the trial court did not order Grandmother's visitation rights "suspended" or "held in abeyance" or any similar temporary language. Moreover, the trial court did not order the "visitation" terminated. Rather, the trial court ordered Grandmother's "visitation rights ... terminated," App. to Appellant's Br. at 40 (emphasis added), which, as when parental rights are terminated, connotes a permanent change in the relationship among parties. In order to regain grandparent visitation rights following this order, Grandmother would have had to petition for those rights and establish standing anew. Because she did not file her petition until after Father's parental rights were terminated, Grandmother no longer had standing as the parent of the children's parent, and there were no existing visitation rights upon which to bootstrap continued visitation in the wake of the adoption.[2] The trial court properly granted Mother's motion to dismiss.

*1191 Conclusion

Grandmother had no standing to pursue visitation rights with the minor children following the termination of her earlier visitation rights and the subsequent termination of her son's parental rights to the children. The trial court's order is therefore affirmed.
Affirmed.
BARNES, J., and BRADFORD, J., concur.
NOTES
[1] It appears the relationship between Mother and Father was quite volatile, even following their divorce, and an ex parte order of protection had been entered against Father and was awaiting a hearing when Grandmother filed her petition to modify.
[2] Grandmother contends that she "is the type of grandmother that the statute contemplates helping...." Br. of Appellant at 8. Although we are not concerned with the merits of Grandmother's petition given her lack of standing to bring the petition in the first