# Illinois Official Reports

## Appellate Court

---

### *People v. Clark*, 2014 IL App (4th) 130331

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEFFON L. CLARK, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-13-0331, 4-13-0332, 4-13-0333, 4-13-0334 cons. |
| Filed<br>Rehearing denied | August 7, 2014<br>September 8, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an appeal from the summary dismissal of defendant's joint *pro se* postconviction petition involving four criminal cases where defendant's only argument on appeal was that he was entitled to three days of sentencing credit, the appellate court upheld the dismissal on the ground that under the evidence and the applicable statutes, defendant was not entitled to any of the sentencing credit he sought. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, Nos. 11-CF-399, 11-CF-681, 11-CF-1453, 12-CF-11; the Hon Timothy J. Steadman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Jacqueline L. Bullard, and John M. McCarthy, all of State Appellate Defender's Office, of Springfield, for appellant.

Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and Allison Paige Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE TURNER delivered the judgment of the court, with opinion.
Justices Pope and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1        In March 2013, defendant, Steffon L. Clark, filed a joint *pro se* postconviction petition in his following four Macon County criminal cases: No. 11-CF-399 (hereinafter, case 399), No. 11-CF-681 (hereinafter, case 681), No. 11-CF-1453 (hereinafter, case 1453), and No. 12-CF-11 (hereinafter, case 11). That same month, the Macon County circuit court dismissed defendant's postconviction petition at the first stage of the proceedings. Defendant appealed the dismissal, but on appeal, he only contends he is entitled to extra days of sentencing credit. We affirm.

¶ 2                                I. BACKGROUND
¶ 3                        A. Case 399 (Appeal No. 4-13-0331)
           In March 2011, the State charged defendant by information with one count of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(A) (West 2010)) and one count of driving while his license was revoked (625 ILCS 5/6-303(a) (West 2010) (text of section effective until July 1, 2011)) for his actions on March 12, 2011. On March 12, 2011, defendant was released after posting bond. On March 7, 2012, the trial court held a plea hearing on all four cases included in this appeal, another Macon County criminal case (No. 11-CF-1148 (hereinafter, case 1148)), and two petitions to revoke probation in Macon County case Nos. 09-CF-1798 and 10-CF-316. The State and defendant entered into a negotiated plea agreement involving all seven cases, which included four consecutive prison terms and the dismissal of several criminal charges and the petitions to revoke probation. As to case 399, defendant pleaded guilty to the DUI count with an agreed sentence of five years' imprisonment, and the court dismissed the driving-while-license-revoked charge on the State's motion. On March 23, 2012, the court held a sentencing hearing and sentenced defendant to five years' imprisonment on the DUI count. The court gave defendant a sentence credit for March 12, 2011, the date of his arrest, and for March 21-22, 2012.

¶ 4                        B. Case 681 (Appeal No. 4-13-0332)
¶ 5        In May 2011, the State charged defendant by information with one count of unlawful possession of cannabis with the intent to deliver (720 ILCS 550/5(d) (West 2010)) and one

count of unlawful possession of cannabis with a prior unlawful-possession-of-cannabis conviction (720 ILCS 550/4(d) (West 2010)) for his actions on May 4, 2011. The record indicates that, on May 4, 2011, defendant was released after his arrest on his own recognizance with a notice to appear. In this case on March 7, 2012, defendant pleaded guilty to unlawful possession of cannabis with the intent to deliver with an agreed sentence of two years' imprisonment, and the court dismissed the other count on the State's motion. On March 23, 2012, the court held a sentencing hearing and sentenced defendant to two years' imprisonment on the unlawful-possession-of-cannabis-with-the-intent-to-deliver count to run consecutive to the sentence in case 399. The court did not give defendant any sentence credit for this case.

¶ 6                                    C. Case 1148

¶ 7        In August 2011, the State charged defendant by information with one count of driving while license revoked or suspended with a prior conviction for driving while license revoked or suspended (625 ILCS 5/6-303(a), (d) (West 2010) (text of section effective July 1, 2011)) for his actions on August 14, 2011. The police arrested defendant on August 14, 2011, and after posting bond, he was released on August 15, 2011. At the March 23, 2012, hearing, the trial court dismissed the charge in this case pursuant to the plea agreement.

¶ 8                          D. Case 1453 (Appeal No. 4-13-0334)

¶ 9        In October 2011, the State charged defendant by information with one count of driving while his license was revoked or suspended with a prior conviction for driving while his license was revoked or suspended (625 ILCS 5/6-303(a), (d) (West 2010) (text of section effective July 1, 2011)) for his actions on October 9, 2011. After his arrest, he was released on bond. In this case on March 7, 2012, defendant pleaded guilty to unlawful possession of cannabis with the intent to deliver with an agreed sentence of three years' imprisonment, and the court dismissed the other count on the State's motion. On March 23, 2012, the court held a sentencing hearing and sentenced defendant to three years' imprisonment to run consecutive to the sentences in cases 399 and 681. The court gave defendant one day of sentence credit (October 9, 2011) in this case.

¶ 10                           E. Case 11 (No. 4-13-0333)

¶ 11       In January 2012, the State charged defendant by information with one count of attempt (home invasion) (720 ILCS 5/8-4(a) (West 2010); 720 ILCS 5/12-11(a)(2) (West 2010) (text of section effective July 1, 2011)) and one count of residential burglary (720 ILCS 5/19-3(a) (West 2010)) for his actions on December 6, 2011. In March 2012, the State further charged defendant by information with criminal trespass to a residence (720 ILCS 5/19-4(a)(2) (West 2010)) for his actions on December 6, 2011. The police arrested defendant on December 6, 2011, and he was released on bail on December 7, 2011. In this case on March 7, 2012, defendant pleaded guilty to criminal trespass to a residence with an agreed sentence of two years' imprisonment, and the court dismissed the other counts on the State's motion. On March 23, 2012, the court held a sentencing hearing and sentenced defendant to two years' imprisonment for criminal trespass to a residence to run consecutive to his sentences in cases 399, 681, and 1453. In this case, the court gave defendant two days of sentencing credit (December 6 and 7, 2011).

¶ 12                                F. Postconviction Petition

¶ 13       On March 8, 2013, defendant filed a joint *pro se* postconviction petition in cases 399, 681, 1153, and 11, asserting ineffective assistance of counsel and other violations of his constitutional rights. On March 20, 2013, the trial court dismissed defendant's postconviction petition as frivolous or patently without merit. On April 19, 2013, defendant filed a timely *pro se* notice of appeal from the denial of his postconviction petition in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Feb. 6, 2013). If the notice of appeal is, in fact, insufficient under Rule 606, then defendant filed on July 25, 2013, a timely request to file a late notice of appeal, which we granted. In August 2013, defendant filed said late notice of appeal. Accordingly, this court has jurisdiction of the trial court's denial of defendant's postconviction petition under Illinois Supreme Court Rule 651(d) (eff. Feb. 6, 2013). Additionally, we note that, on May 5, 2014, this court granted defendant's motion to consolidate the four appeals.

¶ 14                                      II. ANALYSIS

¶ 15       While defendant appeals the dismissal of his postconviction petition in the four cases, he only argues on appeal that he is entitled to one day of sentencing credit in case 681 under section 5-4.5-100(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4.5-100(b) (West 2010)) and two days of credit for his time served in dismissed case 1148 under section 5-4.5-100(c) of the Unified Code (730 ILCS 5/5-4.5-100(c) (West 2010)). Generally, a defendant cannot raise an issue for the first time on appeal from the dismissal of a postconviction petition. *People v. Jones*, 211 Ill. 2d 140, 148, 809 N.E.2d 1233, 1239 (2004). However, a sentence in conflict with a statutory guideline is void and may be challenged at any time. *People v. Roberson*, 212 Ill. 2d 430, 440, 819 N.E.2d 761, 767 (2004). Accordingly, we will address the merits of defendant's request for additional sentencing credit, to which the State contends he is not entitled. A reviewing court reviews whether a defendant should receive presentence custody credit against his sentence under the *de novo* standard of review. *People v. Johnson*, 401 Ill. App. 3d 678, 680, 937 N.E.2d 190, 192 (2010).

¶ 16                                      A. Case 681

¶ 17       With case 681, defendant requests one day of sentencing credit for the day of his arrest. Section 5-4.5-100(b) of the Unified Code (730 ILCS 5/5-4.5-100(b) (West 2010) (formerly 730 ILCS 5/5-8-7(b))) addresses sentencing credit for the same offense and provides, in pertinent part, the following: "the offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed." We note the exceptions to section 5-4.5-100(b) do not apply to the facts of this case. This court has further explained "[a] defendant should receive credit against his sentence for any part of a day that he is held in custody." *People v. Peterson*, 372 Ill. App. 3d 1010, 1019, 868 N.E.2d 329, 336 (2007). Defendant asserts he was "in custody" for the purposes of section 5-4.5-100(b) when he was arrested for this offense. However, as the State notes, defendant provides no argument and cites no legal authority in support of that contention in his initial brief. In his reply brief, defendant only addresses the case cited by the State and provides an Internet dictionary definition of "arrest." As this court has stated, "[A] reviewing court is entitled to have the

issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research." (Internal quotation marks omitted.) *People v. Ramirez*, 2013 IL App (4th) 121153, ¶ 74, 996 N.E.2d 1227 (quoting *In re Marriage of Baumgartner*, 237 Ill. 2d 468, 474-75, 930 N.E.2d 1024, 1027 (2010)). The issue defendant raises is not a simple one as our supreme court has found the term "in custody" in the context of the crediting statute ambiguous. *People v. Beachem*, 229 Ill. 2d 237, 246, 890 N.E.2d 515, 520 (2008). Defendant needed to provide this court with legal authority and argument supporting his position. Since he failed to do so, we find defendant has forfeited his argument on this appeal. See *Ramirez*, 2013 IL App (4th) 121153, ¶ 74, 996 N.E.2d 1227.

¶ 18                                                            B. Case 1148

¶ 19          Defendant further contends he is entitled to sentencing credit against his sentence in either case 399 or case 681 for the two days he spent in jail in case 1148, which was dismissed as part of the plea agreement. In support of his argument, defendant cites our decision in *People v. Cook*, 392 Ill. App. 3d 147, 151, 910 N.E.2d 208, 211 (2009), where we found the defendant was entitled to receive sentencing credit in two cases under section 5-8-7(c) of the Unified Code (730 ILCS 5/5-8-7(c) (West 2006)) for the time the defendant had spent in custody on a dismissed charge. Justice Pope dissented in the *Cook* decision, concluding section 5-8-7(c) did not apply in that case because the defendant was seeking credit for a subsequent charge, not a former one. *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting). The State asserts we should apply Justice Pope's analysis in her dissent in *Cook* and deny defendant the two days of sentencing credit. We agree with the State.

¶ 20          Section 5-4.5-100(c) of the Unified Code (730 ILCS 5/5-4.5-100(c) (West 2010)) provides the following:

> "(c) CREDIT; TIME IN CUSTODY; FORMER CHARGE. An offender arrested on one charge and prosecuted on another charge for conduct that occurred prior to his or her arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence."

While the *Cook* case involved the former crediting statute (730 ILCS 5/5-8-7(c) (West 2006)), the language of section 5-4.5-100(c) is the same as the version of section 5-8-7(c) analyzed in *Cook*. See *Cook*, 392 Ill. App. 3d at 150, 910 N.E.2d at 210. Thus, we agree with the parties the *Cook* decision is pertinent to the disposition of this case.

¶ 21          In *Cook*, 392 Ill. App. 3d at 148, 910 N.E.2d at 209, the defendant entered into a plea agreement with the State involving three pending cases. The first case was case No. 07-CF-1997, in which the State charged defendant on November 16, 2007, with theft for the defendant's actions on November 2, 2007. *Cook*, 392 Ill. App. 3d at 148, 910 N.E.2d at 209. In case No. 07-CF-2145, on December 10, 2007, the State charged the defendant with unlawful possession of less than 15 grams of cocaine. *Cook*, 392 Ill. App. 3d at 148, 910 N.E.2d at 209. On January 18, 2008, in case No. 08-CF-120, the State charged the defendant with aggravated criminal sexual abuse for his actions on August 31, 2007. *Cook*, 392 Ill. App. 3d at 148, 910 N.E.2d at 209. The *Cook* court found section 5-8-7(c) applicable because the defendant (1) was arrested for aggravated criminal sexual abuse in case No. 08-CF-120; (2) was prosecuted for theft in case No. 07-CF-1997, which involved conduct that occurred prior to defendant's arrest

in case No. 08-CF-120; and (3) did not receive credit for the time he spent in custody in case No. 08-CF-120 against another sentence. *Cook*, 392 Ill. App. 3d at 151, 910 N.E.2d at 210.

¶ 22 Moreover, the *Cook* court noted the facts of the case before it were similar to those in *People v. Revell*, 372 Ill. App. 3d 981, 993, 868 N.E.2d 318, 328 (2007), where this court had awarded the defendant sentencing credit under section 5-8-7(c) for the time defendant spent in custody on an unrelated, dismissed charge. *Cook*, 392 Ill. App. 3d at 150, 910 N.E.2d at 210. There, the defendant had been (1) arrested and charged with aggravated criminal sexual abuse; (2) prosecuted in another case for predatory criminal sexual assault, which involved conduct that occurred prior to the defendant's arrest in the aggravated-criminal-sexual-abuse case; and (3) had not received credit for the time he had spent in custody in the first case (aggravated criminal sexual abuse). *Cook*, 392 Ill. App. 3d at 150, 910 N.E.2d at 210 (citing *Revell*, 372 Ill. App. 3d at 993, 868 N.E.2d at 328). Moreover, the *Revell* court noted " '[a]lthough the State did not expressly drop the initial charge and recharge defendant with another crime, that was the end result. That is, the predatory-criminal-sexual-assault charge essentially replaced the aggravated-criminal-sexual-abuse charge.' " *Cook*, 392 Ill. App. 3d at 150, 910 N.E.2d at 210 (quoting *Revell*, 372 Ill. App. 3d at 993, 868 N.E.2d at 328).

¶ 23 On the other hand, Justice Pope found section 5-8-7(c) inapplicable. She explained section 5-8-7(c)'s language, " '[a]n offender arrested on one charge,' " referred to the defendant's theft and possession charges because those arrests occurred first in time. *Cook*, 392 Ill. App. 3d at 151, 910 N.E.2d at 211 (Pope, J., dissenting) (quoting 730 ILCS 5/5-8-7(c) (West 2006)). Further, the " 'and prosecuted on another charge' " language referred to the criminal-sexual-abuse charge as it was filed subsequent to the original charges. *Cook*, 392 Ill. App. 3d at 151-52, 910 N.E.2d at 211 (Pope, J., dissenting) (quoting 730 ILCS 5/5-8-7(c) (West 2006)). "The statute then provides for credit against the sentence imposed in the subsequent charge (in our case, the criminal-sexual-abuse charge) for time spent in custody on the original charges (in our case, the theft and possession charges) that has not been credited against another sentence, so long as the conduct in the subsequent charge occurred prior to the arrest on the first charge(s)." *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting). Thus, in *Cook*, since the subsequent charge (the criminal-sexual-abuse charge) was dismissed and defendant was prosecuted on the original charges (the theft and possession charges), section 5-8-7(c) did not apply. *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting). Justice Pope further noted her interpretation of the statute is supported by the Council Commentary, which states the following: " '[s]ubparagraph (c) provides for the case, not covered under former law, where all confinement since arrest is credited against the sentence even if the original charge is dropped in favor of a new charge which results in conviction and imprisonment.' " *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting) (quoting 730 ILCS Ann. 5/5-8-7, Council Commentary-1973, at 226 (Smith-Hurd 2007)). She also (1) pointed out the credit in *Revell* was for a former charge, not a subsequent one; and (2) noted that, in this case, the original charges were not dropped and were totally unrelated to the subsequent sex-abuse charge. *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211-12 (Pope, J., dissenting).

¶ 24 We find Justice Pope's interpretation and application of section 5-8-7(c) is the proper one. The title of section 5-4.5-100(c) of the Unified Code (730 ILCS 5/5-4.5-100(c) (West 2010)) indicates the credit is for custody on a *former* charge. Moreover, the provision uses the following language: "time spent in custody under the *former charge* not credited against

another sentence." (Emphasis added.) 730 ILCS 5/5-4.5-100(c) (West 2010). The language does not allow for a credit for time spent in custody on a subsequent charge that is dismissed. Accordingly, we decline to follow the majority's analysis in *Cook*.

¶ 25 Under the facts of this case, defendant cannot receive credit for the two days he spent in custody on case 1148 in cases 399 and 681 because those charges preceded the charge in case 1148. He also cannot receive the two days he spent in custody on case 1148 in cases 1453 and 11 because the conduct in those cases did not occur before his arrest in case 1148. Accordingly, defendant is not entitled to any sentence credit for the two days he spent in custody on case 1148.

¶ 26                                    III. CONCLUSION

¶ 27 For the reasons stated, we affirm the Macon County circuit court's judgment. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

¶ 28 Affirmed.