# Illinois Official Reports

## Appellate Court

---

### *People v. Jones*, **2015 IL App (4th) 130711**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER JONES, Defendant-Appellant. |
| | |
| District & No. | Fourth District<br>Docket No. 4-13-0711 |
| | |
| Filed | July 8, 2015 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 11-CF-326; the Hon. Craig H. DeArmond, Judge, presiding. |
| | |
| Judgment | Motion denied. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Megan E. Ledbetter, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Randall Brinegar, State's Attorney, of Danville (Patrick Delfino and David J. Robinson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Pope and Justice Turner concurred in the judgment and opinion. |

**OPINION**

¶ 1    In March 2015, defendant, Walter Jones, filed an unopposed motion for summary disposition, alleging he is entitled to credit for an additional 181 days served in custody under section 5-4.5-100(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4.5-100(c) (West 2010)). In May 2015, in response to an order entered by this court, the State submitted a supplemental memorandum of law (1) conceding defendant is entitled to credit for 164 days served in custody but (2) opposing defendant's request for an additional 17 days' credit against his sentence. For the reasons that follow, we deny defendant's motion.

¶ 2                              I. BACKGROUND

¶ 3    In June 2011, defendant was arrested and charged by information in Vermilion County case No. 11-CF-326 with residential burglary (720 ILCS 5/19-3 (West 2010)) and burglary (720 ILCS 5/19-1(a) (West 2010)) for an incident that occurred that same month. Defendant did not post bond. In October 2011, a jury found defendant guilty of burglary. In December 2011, the trial court sentenced defendant to 30 months' probation subject to certain terms and conditions.

¶ 4    On January 22, 2013, defendant was arrested and charged in Vermilion County case No. 13-CF-45 with a theft offense. Defendant did not post bond.

¶ 5    In February 2013, the State filed a petition to revoke probation in case No. 11-CF-326, alleging defendant violated the terms of his probation by (1) failing to report to two scheduled office visits in 2012; (2) missing multiple curfew checks in 2012; and (3) admittedly using drugs on January 7, 2013. In April 2013, after a hearing on the petition, the trial court found the State met its burden with respect to allegation Nos. (1) and (3).

¶ 6    In July 2013, the trial court revoked defendant's probation herein in case No. 11-CF-326 and resentenced him to seven years' imprisonment, with credit for 201 days served in custody from June to December 2011. The court rejected defendant's request for credit for time served in custody on the 2013 theft charge in case No. 13-CF-45 (January to July 2013) because (1) the record did not indicate a warrant was issued or defendant was arrested on the petition to revoke and (2) defendant would be entitled to credit in case No. 13-CF-45 and could not have it "count twice."

¶ 7    That same month, defendant filed a motion to reconsider sentence herein in case No. 11-CF-326, which was denied. Defendant filed a notice of appeal and the office of the State Appellate Defender (OSAD) was appointed to represent defendant.

¶ 8    Subsequent to his resentencing in case No. 11-CF-326, in November 2014, defendant's 2013 theft charge in case No. 13-CF-45 was nol-prossed.

¶ 9    In March 2015, defendant filed the unopposed motion for summary disposition, requesting we order the Circuit Clerk to issue a corrected sentencing judgment reflecting he is entitled to an additional credit for 181 days served in custody from January to July 2013. In April 2015, this court entered an order directing each party to submit a supplemental memorandum of law addressing whether defendant should receive credit for time served in custody between his arrest on the theft offense (case No. 13-CF-45) and filing of the petition to revoke his probation (case No. 11-CF-326). In May 2015, the State submitted a supplemental memorandum of law (1) conceding defendant is entitled to credit for time spent in custody between the filing of the

State's petition to revoke and defendant's sentencing but (2) opposing defendant's request for credit prior to the filing of the petition to revoke.

## II. ANALYSIS

Defendant argues he is entitled to credit for 181 days served in custody under section 5-4.5-100(c) of the Unified Code. 730 ILCS 5/5-4.5-100(c) (West 2010). Specifically, defendant argues under section 5-4.5-100(c) he "was arrested for theft, but prosecuted for violating his probation for conduct that occurred prior to his arrest [and] [s]ince the six months spent in custody on the theft charge was not ultimately 'credited against another sentence,' [he] must receive credit for that time on his burglary sentence."

Whether a defendant should receive presentence custody credit against his sentence is reviewed under the *de novo* standard of review. *People v. Clark*, 2014 IL App (4th) 130331, ¶ 15, 15 N.E.3d 539.

### A. Simultaneous Custody

The trial court found defendant was not entitled to have credit for time served in custody on the 2013 theft charge applied against his burglary resentence in case No. 11-CF-326 because a warrant was not issued nor was defendant arrested on the petition to revoke. Defendant's motion does not contest this finding. Nevertheless, after reviewing the record on appeal, we find it would not support an argument that defendant was in simultaneous custody on both charges from February to July 2013.

Section 5-4.5-100(b) of the Unified Code provides: "[An] offender shall be given credit on the determinate sentence *** of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed ***." 730 ILCS 5/5-4.5-100(b) (West 2010). Therefore, under this section we must look to whether defendant was "in custody" on the petition to revoke. The common-law record does not indicate a warrant was issued, defendant was arrested, or a bond was surrendered on the petition to revoke in case No. 11-CF-326. The transcripts in case No. 11-CF-326 also do not support a finding defendant was in custody on the petition to revoke. For example, while in custody on the theft charge, defendant was notified at the probation violation arraignment, should he be released from custody on the theft offense and fail to appear at the next hearing, the State could ask for a warrant for his arrest. Later, at the hearing on the petition to revoke, defense counsel indicated defendant was not in custody "on this case." The trial court further advised defendant, after finding the State met its burden on the petition to revoke, "[o]bviously if you remain in custody, they'll make sure you get there; but if you do get released, make sure you're in court [for the sentencing hearing]." Finally, after the sentencing hearing was continued, defense counsel stated, "I believe [defendant is] in custody on his new case, not on this matter." The record leaves no ambiguity with respect to the basis of defendant's custody. See *People v. Wiseman*, 195 Ill. App. 3d 1062, 1066, 553 N.E.2d 46, 49 (1990). Therefore, defendant has not shown he was in simultaneous custody.

### B. Section 5-4.5-100(c) of the Unified Code

Rather, defendant relies on section 5-4.5-100(c) of the Unified Code (730 ILCS 5/5-4.5-100(c) (West 2010)) and cites this court's majority interpretation of the language

contained in this section from *People v. Cook*, 392 Ill. App. 3d 147, 149-51, 910 N.E.2d 208, 209-11 (2009), as a basis for his argument that he is entitled to additional presentence credit. Although *Cook* involved the former crediting statute (730 ILCS 5/5-8-7(c) (West 2006)), the language contained in section 5-4.5-100(c) is identical to the language contained in section 5-8-7(c) discussed in *Cook*. See *Clark*, 2014 IL App (4th) 130331, ¶ 20, 15 N.E.3d 539. However, we note that, since our decision in *Cook*, we have, after reconsidering the statutory language and its legislative history, foregone the analysis by the *Cook* majority for that of the *Cook* dissent. See *Clark*, 2014 IL App (4th) 130331, ¶ 24, 15 N.E.3d 539; *People v. Warren*, 2014 IL App (4th) 120721, ¶¶ 164-69, 16 N.E.3d 13.

¶ 18 Section 5-4.5-100(c) of the Unified Code provides:

> "(c) CREDIT; TIME IN CUSTODY; FORMER CHARGE. An offender arrested on one charge and prosecuted on another charge for conduct that occurred prior to his or her arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence." 730 ILCS 5/5-4.5-100(c) (West 2010).

The language "[a]n offender arrested on one charge," refers to the arrest(s) that occurred first in time and the language "and prosecuted on another charge" refers to the charge filed after the original charge(s). See *Clark*, 2014 IL App (4th) 130331, ¶ 23, 15 N.E.3d 539 (citing *Cook*, 392 Ill. App. 3d at 151-52, 910 N.E.2d at 211 (Pope, J., dissenting)). " 'The statute then provides for credit against the sentence imposed in the subsequent charge *** for time spent in custody on the original charges *** that has not been credited against another sentence, so long as the conduct in the subsequent charge occurred prior to the arrest on the first charge(s).' " *Clark*, 2014 IL App (4th) 130331, ¶ 23, 15 N.E.3d 539 (quoting *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting)).

¶ 19 Defendant artfully crafts an argument applying the facts of his cases to what Justice Pope described in *Cook* as an "inartfully drafted subsection." *Cook*, 392 Ill. App. 3d at 151, 910 N.E.2d at 211 (Pope, J., dissenting). Defendant refers to his arrest on the theft charge as the arrest that occurred first in time. He refers to the "prosecution" of the petition to revoke his sentence of probation on his burglary conviction as a charge prosecuted subsequent to his theft charge. Therefore, defendant asserts, as the theft charge was later nol-prossed, he is entitled to have credit for time served on the theft offense applied in his burglary case after resentencing. We find defendant's application of section 5-4.5-100(c) unpersuasive and contrary to the case law and legislative intent of section 5-4.5-100(c).

¶ 20 A majority of the cases discussing either section 5-8-7(c) or section 5-4.5-100(c) of the Unified Code, including *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting), *Clark*, 2014 IL App (4th) 130331, ¶ 25, 15 N.E.3d 539, and *Warren*, 2014 IL App (4th) 120721, ¶ 169, 16 N.E.3d 13, have addressed the applicability of the language of these sections where multiple, separate, and distinct criminal offenses were charged. Moreover, in both *People v. Woznick*, 209 Ill. App. 3d 1061, 1063-64, 568 N.E.2d 425, 427 (1991), and *People v. Kane*, 136 Ill. App. 3d 1030, 1037, 484 N.E.2d 296, 301 (1985), the appellate court found a revocation of a defendant's probation not a "prosecution" under section 5-8-7(c) of the Unified Code. In *Kane*, the court found:

> "[T]he revocation of defendant's probation was merely an incident of her *** sentence. The error in the defendant's logic is her characterization of the revocation of her probation as a 'prosecution' ***. Her 'prosecution,' however, had already taken place.

- 4 -

It began with the filing of the information on [her initial charge (in which she was ultimately sentenced to probation)], and concluded with the acceptance of her plea of guilty ***." *Kane*, 136 Ill. App. 3d at 1036-37, 484 N.E.2d at 301.

In *People v. Robinson*, 172 Ill. 2d 452, 460-61, 667 N.E.2d 1305, 1309 (1996), our supreme court stated: "Section 5-8-7(c) was adopted to 'prevent the State from dropping an initial charge and recharging a defendant *with another crime*, with the intent of denying credit for time spent in jail on the first charge.' [Citations.]" (Emphasis added.) Council Commentary of section 5-8-7(c) provides: " '[S]ubparagraph (c) provides for the case, not covered under former law, where all confinement since arrest is credited against the sentence even if the original charge is dropped in favor of *a new charge which results in conviction and imprisonment.*' " (Emphasis added.) *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting) (quoting 730 ILCS Ann. 5/5-8-7, Council Commentary, at 226 (Smith-Hurd 2007)).

¶ 21    Here, in 2011, defendant was arrested, charged, and convicted of burglary in case No. 11-CF-326. In December 2011, the trial court sentenced defendant to 30 months' probation subject to certain terms and conditions. On January 22, 2013, defendant was arrested and charged with a theft offense in case No. 13-CF-45 and did not post bond. In February 2013, the State filed a petition to revoke defendant's sentence of probation in case No. 11-CF-326, alleging bases unrelated to the theft charge. The State did not file separate criminal charges on the allegations contained in the petition to revoke. The State did not seek a warrant on the petition to revoke. The record makes clear defendant was not in custody on the petition to revoke. After a hearing on the petition to revoke, the trial court found that defendant violated his conditions of probation (all bases unrelated to the theft charge) and resentenced him to seven years' imprisonment on his 2011 burglary conviction in case No. 11-CF-326.

¶ 22    As indicated, the language "[a]n offender arrested on one charge," refers to the arrest(s) that occurred first in time. See *Clark*, 2014 IL App (4th) 130331, ¶ 23, 15 N.E.3d 539 (citing *Cook*, 392 Ill. App. 3d at 151-52, 910 N.E.2d at 211 (Pope, J., dissenting)). Here, only two arrests occurred, the 2011 burglary arrest and 2013 theft arrest. Under the plain reading of the statute, defendant's 2011 burglary arrest occurred first in time and as section 5-4.5-100(c) "does not allow credit for time spent in custody on a subsequent charge that is dismissed," defendant's motion must be denied. *Clark*, 2014 IL App (4th) 130331, ¶ 24, 15 N.E.3d 539. Moreover, assuming, *arguendo*, we construe the statute as ambiguous with respect to which arrest occurred first in time, and resolve that ambiguity in favor of the defendant (see *Robinson*, 172 Ill. 2d at 462, 667 N.E.2d at 1309), the case law and legislative history make clear the legislature did not intend for a petition to revoke probation and subsequent resentencing on a prior conviction to be analogous with the "prosecution" of " 'a new charge which results in conviction and imprisonment.' " *Cook*, 392 Ill. App. 3d at 152, 910 N.E.2d at 211 (Pope, J., dissenting) (quoting 730 ILCS Ann. 5/5-8-7, Council Commentary, at 226 (Smith-Hurd 2007)); *Kane*, 136 Ill. App. 3d at 1036-37, 484 N.E.2d at 301. Therefore, we conclude section 5-4.5-100(c) is inapplicable. 730 ILCS 5/5-4.5-100(c) (West 2010).

¶ 23    Accordingly, we deny defendant's motion for summary disposition pursuant to Illinois Supreme Court Rule 23(c)(2) (eff. July 1, 2011) ("disposition is clearly controlled by case law precedent, statute, or rules of court").

## III. CONCLUSION

For the reasons stated, we deny defendant's motion, finding defendant is not entitled to additional presentence credit in case No. 11-CF-326 for time served in custody in case No. 13-CF-45.

Motion denied.